IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Benecke-Kaliko AG,                     Case No. 3:09 CV 517

             Movant,            MEMORANDUM OPINION
                                     AND ORDER

    -vs-
                                     JUDGE JACK ZOUHARY

SAI Administrative Claim
   & Creditor Trust,

            Respondent.

## INTRODUCTION

The Court held a hearing on four pending Motions for Summary Judgment in this dispute between a liquidating trust (SAI) and a managing member of the bankrupt limited liability company (Benecke). SAI filed an adversary proceeding against Benecke in the Bankruptcy Court, for which Benecke withdrew the reference, removing the case to this Court (Doc. Nos. 1-2).

Prior to the hearing, all four Motions were fully briefed, with Oppositions and Replies filed. SAI filed three summary judgment motions: one for partial summary judgment on its first breach of contract claim, involving commission language in Section 6.1b of the LLC Operating Agreement (Doc. Nos. 33, 40, 42); one for partial summary judgment on its second breach of contract claim, involving the termination provision Benecke relied on to terminate the Sales Representative Agreement (Doc. Nos. 43-44, 54, 56); and a third for summary judgment on affirmative defenses pleaded by Benecke in its Answer (Doc. Nos. 46, 53, 57). Benecke filed one summary judgment motion on all of SAI's claims (Doc. Nos. 48, 55, 58).

This Order supplements the Court's rulings at today's record hearing.

### FIRST BREACH OF CONTRACT CLAIM

The first breach of contract claim survives because it relies on a contract term, Section 6.1b of the Operating Agreement, which is ambiguous. *Westfield Ins. Co. v. Galatis,* 100 Ohio St. 3d 216, 220 (2003) ("It is generally the role of the finder of fact to resolve ambiguity."). SAI asks the Court to only look at the Operating Agreement, but this is only one of several agreements which govern their dealings. Further, as Benecke points out, the Operating Agreement contains no details of how a commission is to be paid, details which are found in the Sales Representative Agreement. Benecke concludes that because it terminated the Sales Representative Agreement, the commission requirements found there no longer applied. But this conclusion ignores the language found in the Operating Agreement -- that any sales by Benecke "shall be subject to a commission in favor of Sandusky, Limited under an Agency Agreement in effect from time to time between Sandusky, Limited and B-K." The question really turns on whether the language after "shall be subject to commission" requires the Sales Representative Agreement to be in effect as a condition to any commission, or incorporates the commission details in the Sales Representative Agreement whether in effect or not. Because these are both reasonable interpretations, the language is ambiguous, and its meaning must be determined by the jury.

### SECOND BREACH OF CONTRACT CLAIM

The second breach of contract claim similarly survives -- there is key contract language which is ambiguous, thus requiring a jury to decide its meaning. Summary judgment is not appropriate "if the words in a contract are equally susceptible to at least two reasonable interpretations." *Profit Pet v. Arthur Dogswell, LLC*, 603 F.3d 308, 314 (6th Cir. 2010) (applying Michigan law). Here, both

sides offer reasonable interpretations of the phrase "financial difficulties of more than a temporary nature," and so the phrase is ambiguous. After conceding in its briefing that the phrase is ambiguous (*see, e.g.*, Doc. No. 44, p. 7), SAI argues the phrase "must be measured by SAI's ability to provide services as required under the Sales Agreement," meaning only "financial difficulties" which directly affected the ability of SAI (f/k/a/ Sandusky Limited) to meet its obligations under the Sales Agreement (Doc. No. 44, p. 8). Benecke argues that "more than a temporary nature" means more than a year, never really endeavoring to give further explanation to "financial difficulties," instead only listing those fiscal problems experienced prior to bankruptcy (Doc. No. 48-1, pp. 15-19). On top of this, Benecke offers at least seven different definitions of this phrase over the course of this dispute, one of which is the definition SAI favors (Doc. No. 55, p. 10-12). It is clear that reasonable minds can, and do, disagree over the meaning of this phrase. Having multiple reasonable interpretations, the phrase "financial difficulties of more than a temporary nature" is ambiguous, and summary judgment is not appropriate.

## UNJUST ENRICHMENT CLAIM

The unjust enrichment claim also survives summary judgment. A plaintiff cannot prevail on an unjust enrichment claim where there is a written contract addressing the matter in dispute. *Textileather Corp. v. GenCorp, Inc.*, 2008 WL 2740816, *3 (N.D. Ohio 2008). But if a jury were to find that Benecke had properly terminated the Sales Representative Agreement and is not contractually bound to pay commissions after the termination, then SAI would have a claim for unjust enrichment resulting from Benecke's unpaid use of SAI employee resources after the termination. Both sides agreed to this point at the hearing, and this Court also agrees.

**BREACH OF FIDUCIARY DUTY CLAIM**

The breach of fiduciary duty claim does not survive summary judgment. This is a breach of contract case at heart, and SAI has not pointed to any admissible record evidence of a breach of fiduciary duty, either in its briefing or at the hearing (*see* Doc. No. 58, pp. 12-14). At the hearing, after being asked to describe specifically what record evidence SAI had for breach of fiduciary duty, SAI only described one hearsay statement by Jack Givens. SAI's arguments are nothing more than a breach of contract claim in the guise of a fiduciary duty.

**AFFIRMATIVE DEFENSES**

The Court strikes the affirmative defense that SAI has failed to state a claim upon which relief may be granted. Judge Whipple previously denied Benecke's Federal Civil Rule 12(b)(6) Motion and there is no new basis offered for the Motion. Benecke may move for directed verdict at trial, if there are grounds to dismiss, and this defense has outlived any usefulness.

The Court also struck the following affirmative defenses: setoff or recoupment, SAI's own negligence, and the economic loss doctrine. Benecke conceded at the hearing that these defenses go only toward the breach of fiduciary duty claim. Because that claim is no longer part of this case, the defenses are moot.

Failure to mitigate damages remains a valid affirmative defense, but only with regard to SAI's unjust enrichment claim. This defense argues that SAI could have prevented its employees from working on Benecke business matters after Benecke terminated the Sales Representative Agreement. If SAI had done so, it would have mitigated its damages. This defense survives summary judgment because Benecke was able to point to supporting evidence -- Benecke's statement that it would not

4

pay for the employees' work, and that it told SAI that it should fire the employees and then Benecke would hire them.

## CONCLUSION

Benecke's Motion for Summary Judgment (Doc. No. 48) is granted in part as to the breach of fiduciary duty claim, and SAI's Motion for Partial Summary Judgment as to affirmative defenses (Doc. No. 46) is granted in part and denied in part. All other Motions (Doc. Nos. 33, 43) are denied. Remaining in this case are two claims for breach of contract; and a contingent claim for unjust enrichment; and the affirmative defense of failure to mitigate damages as to the unjust enrichment claim.

Trial is confirmed for September 14, 2010.

IT IS SO ORDERED.

                                          s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

July 23, 2010